1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **CENTRAL DISTRICT OF CALIFORNIA**
10         **WESTERN DIVISION**
11
12
TAVNER COOK,                              No. 2:23-cv-01107-DOC-BFM
13
            Petitioner,                   **ORDER TO SHOW CAUSE**
14    v.                                  **WHY HABEAS PETITION**
                                          **SHOULD NOT BE DISMISSED**
15
JUDGE KALRA S. UPINDER,
16
            Respondent.
17
18                        **SUMMARY OF ORDER**

19         This is a federal habeas petition challenging a state conviction. Petitioner

20    Tavner Cook is serving a 40-year sentence following his convictions for second

21    degree murder and related gang and firearm enhancements. His Petition raises

22    three claims: a Fourth Amendment claim premised on a search of his cell phone

23    (Ground One); a Fifth Amendment claim concerning the use of undercover

24    informants in his jail cell (Ground Two); and a claim of instructional error

25    (Ground Three). But before a petitioner can file a federal habeas petition in

26    federal court, he must present his claims to the highest state court—a process

27    called "exhaustion." From what Petitioner has provided and from publicly

28

available dockets, it appears that Petitioner has only exhausted Ground Three, the instructional error claim, and that the two remaining claims are unexhausted. A petition containing both exhausted and unexhausted claims is subject to dismissal. The Court therefore orders Petitioner to explain whether he has presented Grounds One and Two to the California Supreme Court. If he has not, he must tell the Court if he wants to dismiss the unexhausted claims, or dismiss the Petition in its entirety, or if he wants to seek a stay of this federal action while he pursues state court exhaustion.

The Petition has three other problems that could potentially be addressed in an amended pleading. First, Petitioner's claim in Ground One appears to be barred under the Supreme Court's decision in *Stone v. Powell*, 428 U.S. 465 (1976). That case holds that a state prisoner may not raise a Fourth Amendment claim in a federal habeas action if he or she had the opportunity for "full and fair" consideration of the claim in state court. 428 U.S. at 494. Second, Petitioner in Ground Two fails to state a claim for federal habeas relief. And third, Petitioner failed to name the proper respondent.

**If Petitioner fails to timely respond to this order, the Court will recommend that his Petition be dismissed for failure to exhaust.**

## BACKGROUND

### A.   Petitioner's State Court Conviction

Petitioner was convicted of second-degree murder in connection with a gang-related shooting.[1] Of relevance to Ground One in the Petition, trial evidence showed that after the shooting, the victim's sister (who was also a

---

[1] The California Court of Appeal provided a detailed summary of the facts underlying the conviction in its order denying his direct appeal. (*See* ECF No. 1 at 23-49). The Court recites only those facts relevant to the claims in the Petition and this Order to Show Cause.

witness to the crime) received a text message from a friend. The message contained a picture of a cell phone displaying a photograph of Petitioner. The friend stated that he found the cell phone at the scene of the shooting. The victim's sister identified Petitioner as the shooter from the photograph. The cell phone was ultimately given to a police officer, who noticed that it was turned on and logged into an Instagram account. The officer scrolled through the account and saw around 30 to 40 pictures of Petitioner. (*See* ECF No. 1 at 29.)

Of relevance to Ground Two, the trial evidence showed that after Petitioner was arrested, he was placed in a jail cell along with two undercover informants as part of a *Perkins* operation to elicit incriminating statements.[2] Petitioner made statements about the shooting that were audio recorded and played for the jury. (*See id.* at 31-32.)

**B.    Claims in Federal Habeas Petition**

Petitioner filed his Petition in this Court on February 13, 2023. (ECF No. 1). He asserts the following three grounds for relief challenging his conviction.

**1.    Ground One**

Petitioner asserts that the Fourth Amendment was violated and states the following facts in support: after the search of the crime scene by police officers, his unlocked cell phone was "illegally entered by a certain party." (*Id.* at 6.) A "picture of [Petitioner] was then taken . . . by a certain party[']s cell phone" and was texted to the victim's sister before the cell phone was given to the "returning officers." (*Id.*) An officer noticed the phone was logged into an

---

[2]    In a *Perkins* operation, an undercover government agent is placed in a cell with the suspect. The agent is not required to give *Miranda* warnings before questioning or interacting with the suspect. *Illinois v. Perkins*, 496 U.S. 292, 294, 296 (1990).

1   Instagram account that displayed numerous photographs of Petitioner. (*Id.*)

2       **2.   Ground Two**

3       Petitioner asserts that the Fifth Amendment was violated because the

4   *Perkins* operation "was put into effect to entrap [him]." (*Id.* at 6-7.)

5       **3.   Ground Three**

6       Petitioner states that the Sixth Amendment was violated and in support

7   references pages 39 to 50 of his Petition for Review filed in the California

8   Supreme Court, which he attached to the Petition.  (*Id.* at 7, 50.) In that section

9   of the Petition for Review, petitioner argues that instructing the jury with

10  CALCRIM No. 315 violated his due process rights because the instruction

11  erroneously directed the jury to consider eyewitness identification certainty

12  when deciding how much weight to give to the witness's testimony. (*Id.* at 88-

13  96.)

14  **C.   Facts About Exhaustion**

15      In his direct appeal of his conviction, Petitioner raised the following

16  claims: (1) he was denied his Fourth Amendment right to freedom from a

17  warrantless seizure of his person when the trial court found an independent

18  source for his arrest after quashing the arrest warrant and finding no good faith;

19  (2) the trial court erred in holding an in camera informant hearing without the

20  informants present and in refusing to disclose the identity of the *Perkins*

21  undercover informants; and (3) the trial court's instruction of the jury  with

22  CALCRIM No. 315 violated due process. (*Id.* at 19-22.) The California Court of

23  Appeal affirmed the judgement in a reasoned decision. (*Id.* at 23-49.) Petitioner

24  raised the same three claims in his Petition for Review. (*Id.* at 51-53.) The

25  California Supreme Court summarily denied review on April 27, 2022. (*See*

26  California Appellate Courts website at appellatecases.courtinfo.ca.gov.)

27      The California Court of Appeal's docket reflects that on February 21,

28

2023, approximately a week after filing his Petition in this Court, Petitioner filed a habeas petition in the appellate court. (*See* California Appellate Courts website at appellatecases.courtinfo.ca.gov.)[3] The petition was denied on March 24, 2023, in an order stating the following:

> The petition for writ of habeas corpus filed February 21, 2023, has been read and considered. It is denied because it raises vague and conclusory allegations without any explanation of the basis for the allegations. (*In re Swain* (1949) 34 Cal.2d 300, 303-304.) Moreover, the petition raises claims which could have been raised on appeal, but were not, and petitioner has failed to allege facts establishing an exception to the rule barring habeas consideration of claims that could have been raised on appeal. (*In re Reno* (2012) 55 Cal.4th 428, 490-493.)

(*See id.*)

*A* search of the docket of the California Supreme Court does not show any other filings by Petitioner. (*See id.*)

## ANALYSIS

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. Based upon the Petition and the California state court records available to the Court, and for the reasons discussed below, the Court **orders Petitioner to show cause why the Petition should not be dismissed for failure to**

---

[3] A copy of this state petition is not part of the record. The Court therefore cannot ascertain what claims were raised in this petition.

1    exhaust.

2    **A.     Failure to Exhaust Grounds One and Two**

3             A state prisoner must exhaust his state court remedies before a federal

4    court may consider granting habeas corpus relief. *See* 28 U.S.C. § 2254(b)(1)(A);

5    *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To satisfy the exhaustion

6    requirement, a habeas petitioner must "give the State the opportunity to pass

7    upon and correct alleged violations of its prisoners' federal rights." *Duncan v.*

8    *Henry*, 513 U.S. 364, 365 (1995) (citation and quotation marks omitted). For a

9    petitioner in California state custody, this generally means that the petitioner

10   must have fairly presented his federal claims to the California Supreme Court.

11   *See O'Sullivan*, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); *see also Gatlin*

12   *v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (applying *O'Sullivan* to

13   California). A claim has been fairly presented if the petitioner presents "both

14   the operative facts and the federal legal theory on which his claim is based."

15   *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (citation and quotation marks

16   omitted); *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

17            A "mixed" petition is a petition containing both exhausted and

18   unexhausted claims. Under controlling precedent, a mixed petition is subject to

19   dismissal without prejudice. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) ("In

20   sum, because a total exhaustion rule promotes comity and does not

21   unreasonably impair the prisoner's right to relief, we hold that a district court

22   must dismiss habeas petitions containing both unexhausted and exhausted

23   claims."). The Court may raise a petitioner's failure to exhaust sua sponte—that

24   is, even without the opposing party raising it—and may summarily dismiss a

25   petition without prejudice for failure to exhaust. *See Stone v. San Francisco*, 968

26   F.2d 850, 855-56 (9th Cir. 1992); *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th

27

28

6

Cir. 1981).

In his Petition, Petitioner indicates that he exhausted Grounds One and Two in his Petition for Review. (*See* ECF No. 1 at 6-7.) But the allegations in Grounds One and Two are not the same as the claims he presented to the California Supreme Court on direct appeal. The Petition's Ground One, the Fourth Amendment claim, asserts that Petitioner's cell phone was "illegally entered" and a photograph of him was texted to the victim's sister before the cell phone was given to the police. (*Id.* at 6.) In contrast, the Fourth Amendment claim he presented on direct review asserts he was subjected to a warrantless arrest. (*Id.* at 36-43.) In Ground Two of the Petition, he asserts that the Fifth Amendment was violated because the *Perkins* operation was carried out to entrap him. (*Id.* at 6.) On direct appeal, his *Perkins*-related claim challenged the trial court's refusal to disclose the identity of the undercover informants. (*Id.* at 43-46.) As shown, there is no overlap between Grounds One and Two and the claims Petitioner raised in his direct appeal. And while he recently filed a habeas petition in the California Court of Appeal, the Court is not aware of any filings in the California Supreme Court in which he could have exhausted his claims.

Based on the foregoing, Grounds One and Two appear to be unexhausted. The Petition is therefore subject to dismissal as a "mixed" Petition. *See* 28 U.S.C. § 2254(b)(1)(A).

If Petitioner contends that he has in fact exhausted his claims in Grounds One and Two, he must promptly inform the Court that he has fairly presented these claims to the California Supreme Court and attach a copy of the California Supreme Court's denial.

On the other hand, if Petitioner has not already exhausted Grounds One

and Two, he has the following four options:

*Option 1*: Petitioner may request a voluntary dismissal of the entire action under Federal Rule of Civil Procedure 41(a). Such a dismissal would be without prejudice to Petitioner refiling his claims once they are exhausted in the state court. The Court warns Petitioner that any dismissed claims may be later subject to the federal statute of limitations for habeas claims: "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." *See also* 28 U.S.C. 2244 (d)(1). To proceed under Option 1, Petitioner may use the attached Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 31(a) or (c)).

*Option 2*: Petitioner may request a voluntary dismissal of his unexhausted claims (Grounds One and Two) and elect to proceed only on his exhausted claim (Ground Three). Petitioner is advised that if he elects to proceed with his exhausted claim, any future habeas petition containing the dismissed claims, or any other claims that could have been raised in the instant Petition, may be rejected as successive. To proceed under Option 2, Petitioner must file a declaration, signed under penalty of perjury, stating that he elects to dismiss his unexhausted Grounds One and Two and proceed in this action only with his exhausted Ground Three.

*Option 3*: Petitioner may ask the Court for a *Rhines* stay while he pursues exhaustion in the state courts. *See Rhines v. Weber*, 544 U.S. 269 (2005) (authorizing stays of "mixed" petitions). To obtain a *Rhines* stay, a petitioner must show: (1) that there is good cause for the failure to exhaust; (2) that the unexhausted claims are potentially meritorious; and (3) that the petitioner did not intentionally delay pursuing exhaustion in the state courts. *Id.* at 278. Petitioner is cautioned that at this time the Court would not be inclined to grant a *Rhines* stay given that, as discussed below, Ground One appears to be barred

and Ground Two fails to state a claim for federal habeas relief.

*Option 4*: Pursuant to *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002), Petitioner can dismiss his unexhausted claims (Grounds One and Two) and the Court can stay his remaining exhausted claim (Ground Three) while he returns to state court to exhaust his dismissed claims. A *Kelly* stay does not require a showing of good cause. But Petitioner is warned that "[a] petitioner seeking to use the *Kelly* procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely." *King v. Ryan*, 564 F.3d 1133, 1140-41 (9th Cir. 2009). To proceed under Option 4, Petitioner must file a declaration, signed under penalty of perjury, electing a stay pursuant to *Kelly*, and stating that he dismisses Grounds One and Two.

**B.   Ground One Is Not Cognizable**

If Petitioner decides to proceed with his Petition, there are other issues with his Petition that he will need to address.

First, the Fourth Amendment challenge alleged in Ground One appears to be barred pursuant to the rule in *Stone v. Powell*. The Supreme Court in *Stone* held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone*, 428 U.S. at 494. Under *Stone*, "[a] Fourth Amendment claim is not cognizable in federal habeas proceedings if a petitioner has had a full and fair opportunity to litigate the claim in state court." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996).

"The relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was

correctly decided." *Ortiz-Sandoval*, 81 F.3d at 899 (9th Cir. 1996). California provides criminal defendants with a full and fair opportunity to litigate Fourth Amendment claims through the remedy provided by California Penal Code section 1538.5.  This provision permits a defendant to file a motion to suppress evidence on the ground that it was obtained in violation of the Fourth Amendment.  *See Gordon v. Duran,* 895 F.2d 610, 613 (9th Cir. 1990).

Here, even if Petitioner did not litigate his Fourth Amendment claim in state court, it appears that he had the opportunity to do so. From a review of the Petition and attachments, there is no indication that Petitioner was prevented from filing a motion to suppress under section 1538.5. Accordingly, under *Stone*, Ground One appears to not be cognizable on federal habeas review.

## C.    Ground Two Fails to State a Claim

Second, Ground Two is defective because it fails to state a claim for federal habeas relief. Rule 2(c) of the Rules Governing Habeas Corpus cases requires the petitioner to "specify all the grounds for relief available to [him or her]" and "state the facts supporting each ground." Rule 2(c), Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254; *see also* Advisory Committee Note to Rule 4, Rules Governing Section 2254 Cases Habeas Corpus Cases ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error.") (citation and some quotation marks omitted).

A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the petitioner may be entitled to relief and, in turn, whether respondent should be ordered to address the allegations in the petition. *Mayle v. Felix*, 545 U.S. 644, 655-56 (2005) (citing 28 U.S.C. § 2253). Summary dismissal of a habeas petition is appropriate when the allegations are vague or conclusory, or "palpably

incredible." *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (citations and quotation marks omitted).

Petitioner's Fifth Amendment claim in Ground Two is not supported by any specific factual allegations that would entitle him to habeas relief if they were true. His assertion that the *Perkins* operation was utilized to entrap him fails to state a federal habeas claim. "Entrapment" is an affirmative defense, not a constitutional violation. *See United States v. Gurolla*, 333 F.3d 944, 951 (9th Cir. 2003). Moreover, a *Perkins* operation is a lawfully permitted ruse by government agents to elicit incriminating statements from a suspect and has nothing to do with inducing a suspect to commit a crime. *See id.* (entrapment defense contains two elements: government inducement of a crime and absence of predisposition on the part of defendant). Petitioner does not allege any facts suggesting that he was coerced into making his jail cell statements or facts that otherwise challenge the voluntariness of his statements. For these reasons, his allegations in Ground Two are too conclusory to state a claim for federal habeas relief.

**D.    Failure to Name the Proper Respondent**

Third, a petitioner seeking habeas corpus relief must name the state officer having custody of him as the respondent to the Petition. See Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts.  This person typically is the warden of the institution where the petitioner is incarcerated.  *Stanley v. Cal. Sup. Ct.*, 21 F.3d 359, 360 (9th Cir. 1994); *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam) (explaining that a federal habeas petitioner's immediate custodian is the only party that can produce "the body" of the petitioner). Here, Petitioner incorrectly names a judge as respondent, instead of the warden of his prison.

The failure to name a proper respondent requires dismissal for lack of

jurisdiction, *Stanley*, 21 F.3d at 360, but this is a fixable problem. As explained below, Petitioner can correct this error by naming the proper respondent in an amended pleading.

**E.    Order to Show Cause**

Before the Court recommends dismissal of the action, the Court will give Petitioner an opportunity to respond. Petitioner is **ORDERED to show cause why the Court should not recommend dismissal of the Petition for failure to exhaust Grounds One and Two**. By **no later than July 21, 2023**, Petitioner shall file a Response addressing the exhaustion issue as follows: (1) if Petitioner agrees that Grounds One and Two are unexhausted, he shall state so clearly and inform the Court which of the four options he elects to take (that is, whether he seeks to dismiss the entire Petition or just dismiss Grounds One and Two, or whether he elects to seek a *Rhines* stay or a *Kelly* stay); or (2) if Petitioner asserts that Grounds One and Two are in fact exhausted, he must demonstrate that he fairly presented the claims to the California Supreme Court and that the claims were denied.

If Petitioner decides to move forward with his Petition, he must address the other noted problems. To correct the jurisdictional defect caused by naming the wrong respondent, Petitioner should name the proper respondent in his proposed Amended Petition. The proposed Amended Petition must be clearly labeled "Amended Petition" and have the same case number (No. 2:23-cv-01107-DOC-BFM). The proposed Amended Petition must utilize the form petition (CV-069) that will accompany this Order. It must contain ALL the grounds for relief that Petitioner intends to pursue. In particular, Petitioner must clearly state each federal constitutional violation that he alleges has occurred and clearly state the facts that support each claim. Petitioner is advised that if he includes a Fourth Amendment claim in the proposed Amended Petition, he should also

explain why it is not barred under *Stone v. Powell*.

* * *

Along with this Order to Show Cause, the Court Clerk is directed to send petitioner a blank Central District Petition for Writ of Habeas Corpus by a Person in State Custody (Form CV-069), and a blank Central District "Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)" (Form CV-09).

Petitioner's failure to file a timely response as ordered may result in the Court recommending that his case be dismissed for failure to exhaust and/or for failure to prosecute and to follow court orders.

DATED:  June 30, 2023

_____
BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE